IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WILLIAM A. MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:22-cv-1192-STA-jay |
| ) | |
| TYSON FOODS, INC. and ) | |
| TYSON FARMS, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**
**(ECF No. 10)**
**ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL**
**(ECF No. 14)**

Before the Court is Defendants Tyson Foods, Inc. and Tyson Farms, Inc.'s Motion for Partial Dismissal (ECF No. 10) filed November 10, 2022. Defendants seek the dismissal of Plaintiff William A. Matthews' claims under the Tennessee Human Rights Act ("THRA") and Tenn. Code Ann. § 14–2–102(a), Tennessee's statutory protection for individuals who harbor an objection to taking a COVID-19 vaccine. Plaintiff has responded in opposition (ECF No. 14), though Plaintiff has conceded his THRA claim and now seeks the voluntary dismissal of the claim. Defendants have filed a reply brief addressed to Plaintiff's opposition. For the reasons set forth below, the Motion to Dismiss is **GRANTED in part, DENIED in part**.

## BACKGROUND

Plaintiff filed his Complaint (ECF No. 1) on September 12, 2022. For purposes of deciding Defendants' Rule 12(b)(6) Motion, the Court accepts as true the following well-pleaded facts from the Complaint. Plaintiff worked as a production supervisor at Defendants' Humboldt,

1

Tennessee chicken processing plant. (Compl. ¶ 7.)[1] Plaintiff began his employment with Defendants in March 2021 and had a perfect attendance and disciplinary record up until his termination in January 2022. (*Id*. ¶ 9.)

On August 3, 2021, Defendants notified Plaintiff that he would be required to take the COVID-19 vaccination as a condition of his continued employment. (*Id*. ¶ 11.) Defendants informed all employees that in the absence of documented and approved reasonable accommodations for disability or sincerely held religious beliefs, practices, or observances, Defendants would require all employees to be vaccinated and provide proof of vaccination by November 1, 2021. (*Id*.) Plaintiff has a sincere religious objection to taking the COVID-19 vaccine. (*Id*. ¶ 10.)[2] So when Defendants announced the new policy requiring employees to receive the vaccine and provide proof of vaccination, Plaintiff informed Defendants of his sincerely held religious beliefs. (*Id*. ¶¶ 12, 13.) Plaintiff requested an accommodation to wear a mask and undergo frequent COVID testing in lieu of vaccination. (*Id*.)

Defendants advised Plaintiff that he could either take the vaccine or be placed on unpaid administrative leave, effective November 1, 2021. (*Id*. ¶ 14.) Plaintiff chose unpaid leave and was granted three months' leave of absence based on his short tenure with the company. (*Id.* ¶15.) After Plaintiff still refused to be vaccinated, Defendants terminated his employment on January 26, 2022. (*Id*. ¶ 16.) Plaintiff's separation notice listed "Involuntary – Unwilling to

---

[1] Defendants' Motion for Partial Dismissal states that Tyson Farms, Inc., and not Tyson Foods, Inc., was Plaintiff's actual employer. The Complaint alleges that each company employed Plaintiff at the Humboldt plant. For purposes of deciding the Rule 12(b)(6) Motion only, the Court accepts the Complaint's allegation that the two companies were Plaintiff's joint employer, though Defendants may raise the issue in a subsequent dispositive motion.

[2] The Complaint alleges that Plaintiff's religious beliefs prevent him from taking a vaccine tested on aborted fetus cells or putting unproven chemical substances in his body. (Compl. ¶ 10*.*)

vaccinate" as the reason for his termination. (*Id.*) Plaintiff alleges that Defendants terminated him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the THRA, and Tenn. Code Ann. § 14–2–102(a).

In their Motion for Partial Dismissal, Defendants argue that the Complaint has failed to state a plausible claim for violation of Tennessee's COVID law or a THRA claim.  Defendants contend that the Complaint fails to allege how they discriminated against Plaintiff and violated Tennessee law. The Complaint cites Title 14 but does not allege how Defendants' conduct fits the definition of any prohibited conduct. The statute protects employees from adverse actions taken to compel them to provide proof of vaccination.  Plaintiff, however, only alleges that Defendants terminated Plaintiff for being "unwilling to vaccinate." As a matter of statutory construction, Defendants argue that the Complaint fails to allege a violation of the Tennessee COVID law.  As for Plaintiff's THRA religious discrimination claim, Defendants argue that the THRA does not require employers to afford employees religious accommodations. Finally, Defendants argue that former President Donald Trump's Executive Order, the Federal Meat Inspection Act ("FMIA"), and the Poultry Production Inspection Act ("PPIA") all preempt Plaintiff's claims under Tennessee law.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). However, legal conclusions or unwarranted factual inferences need not be accepted as

true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555). In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. Plaintiff's Motion for Voluntary Dismissal

Before the Court reaches the other issues presented in Defendants' Rule 12(b)(6) Motion, the Court can quickly address the THRA issue. Plaintiff has conceded his THRA claim and moved to dismiss the claim voluntarily. In their reply brief, Defendants state that they do not oppose Plaintiff's request for voluntary dismissal. Federal Rule of Civil Procedure 41(a)(2) permits a plaintiff to request the dismissal of a claim by court order. Fed. R. Civ. P. 41(a)(2). The

Sixth Circuit has remarked that "the plaintiff remains the master of its complaint" and that, if the plaintiff "concedes that it is not bringing a claim," then the district court "should take it at its word." *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 458 (6th Cir. 2007). In light of Plaintiff's concession, the Court will **GRANT** Plaintiff's Motion for Voluntary Dismissal and dismiss the THRA claim without prejudice. Therefore, Defendants' Motion for Partial Dismissal is **DENIED** as moot on this issue.

## II. Tennessee's COVID Law

This leaves Defendants' arguments for the dismissal of Plaintiff's claim under Tennessee Title 14. The Tennessee General Assembly enacted Title 14 of the Tennessee Code Annotated, effective November 12, 2021, to create a number of protections related to COVID-19. Tenn. Code Ann. § 14–1–103 ("The purpose of this title is to safeguard the constitutional rights and liberty interests of persons during the COVID-19 pandemic."). Plaintiff alleges a claim under Tenn. Code Ann. § 14–2–102(a), the Title 14 provision addressed to COVID-19 vaccination status. That section prohibits a "private business, governmental entity, school, or local education agency" from "compel[ling] or otherwise tak[ing] an adverse action against a person to compel the person to provide proof of vaccination if the person objects to receiving a COVID-19 vaccine for any reason." § 14–2–102(a).

Tenn. Code Ann. § 14–2–102(a) requires a person injured under the section to prove the following elements: (1) that a "private business" or other covered entity (2) compelled the person to provide "proof of vaccination" or, in the alternative, took an "adverse action" against the person to compel the person to provide "proof of vaccination" (3) over the person's objection to receiving a COVID-19 vaccine for any reason. *Sadler v. Tyson Foods, Inc.*, No. 1:22-cv-2203, 2022 WL 1721058, at *4 (W.D. Tenn. May 27, 2022); *see also* Edward G. Phillips & Brandon L.

Morrow, *Not-So-Conscientious Objections: Tennessee's New Law to Combat Vaccine Mandates*, 58 Tenn. Bar J. 44, 45 (Feb. 2022) ("Speaking of objections, on what grounds can employees object to the vaccine? The answer: on any ground they want."). Title 14 grants a person injured as a result of such a violation a private right of action to seek "injunctive relief and to recover compensatory damages and reasonable attorneys' fees against an alleged violator." § 14–6–103.

The Court holds that the Complaint viewed in a light most favorable to Plaintiff alleges each of these elements. Defendants concede that they meet the statute's definition as a "private business." There is no real question that the Complaint alleges Plaintiff held an objection to receiving a COVID-19 vaccine. The only real dispute at the pleadings stage is whether the Complaint plausibly alleges that Defendants took an adverse action against Plaintiff to compel him to provide "proof of vaccination." Defendants focus on the allegation that Plaintiff was terminated for refusing to take the vaccine. As Defendants construe it, Title 14 only protects individuals from being compelled to provide proof of vaccination, not when they refuse to take a vaccine. The Complaint fails to include such an allegation and therefore fails to state its Title 14 claim.

The Court finds Defendants' argument unpersuasive. Defendants' reading of the Complaint fails to give Plaintiff the benefit of the reasonable inferences to be drawn from the well pleaded allegations in the Complaint as a whole. Plaintiff alleges when Defendants announced their vaccine policy, employees were told they "would be required to be vaccinated *and* provide proof of vaccination by November 1, 2021." Compl. ¶ 11 (emphasis added). In other words, Defendants' policy required Plaintiff not only to receive the vaccine but also to provide proof of vaccination. It is true that Plaintiff's notice of separation gave his refusal to be vaccinated as the reason for his termination. The common-sense inference from Plaintiff's

unwillingness to take the vaccine is that Plaintiff could not satisfy the company policy and furnish proof of vaccination and that Defendants took adverse action against Plaintiff for his failure to "provide proof of vaccination." At the pleadings stage, this is enough to state a plausible claim under Tenn. Code Ann. § 14–2–102(a).  Therefore, Defendants' Motion is **DENIED** as to this issue.

### III. Federal Preemption of Tennessee's COVID Law

Having decided that the Complaint plausibly alleges a claim under Tennessee's COVID law, the Court turns to consider Defendants' preemption argument. The Supremacy Clause provides that the Constitution, federal statutes, and treaties constitute "the supreme Law of the Land." Art. VI, cl. 2.  If federal law "imposes restrictions or confers rights on private actors" and "a state law confers rights or imposes restrictions that conflict with the federal law," "the federal law takes precedence and the state law is preempted." *Murphy v. Nat'l Collegiate Athletic Assn.*, 138 S. Ct. 1461, 1480 (2018); s*ee also Torres v. Precision Indus., Inc.*, 938 F.3d 752, 755 (6th Cir. 2019) (reiterating that preemption presents the constitutional question whether state and federal law "conflict (citations omitted)).

When a litigant challenges the constitutionality of a Tennessee statute, the Tennessee Attorney General must be notified, and the Court must "suspend proceeding on the constitutional challenge until such notice has been provided and a response from the Attorney General received." *In re Adoption of E.N.R.*, 42 S.W.3d 26, 33 (Tenn. 2001) (citing Tenn. R. Civ. P. 24.04); *see also* Tenn. Code Ann. § 29–14–107(b) ("[I]f the statute, ordinance, or franchise is of statewide effect and is alleged to be unconstitutional, the attorney general and reporter shall also be served with a copy of the proceeding and be entitled to be heard."). This procedural requirement satisfies two important "jurisprudential principles." *Waters v. Farr*, 291 S.W.3d

873, 918 (Tenn. 2009).  Notice to the Tennessee Attorney General and Reporter "enables the Office of the Attorney General to discharge its responsibility to defend the constitutionality of state statutes." *Id*. (citing Tenn. Code Ann. § 8–6–109(b)(9)).  Notifying the Attorney General and joining him as a party "assures that the statute will be vigorously defended." *Id*.

Defendants filed proof of notice with the Court (ECF No. 15), showing that counsel for Defendants had mailed by U.S. priority mail a copy of the Complaint[3] and the parties' briefing on the Motion for Partial Dismiss to Attorney General Jonathan Skrmetti under a cover letter dated December 13, 2022.  Counsel's cover letter explained Defendants' theory that federal law and pandemic-era executive orders preempted Tenn. Code Ann. § 14–1–101 et seq.  The Court finds that Defendants have satisfied the notice requirements under Tennessee law to give the Attorney General proper notice of their constitutional challenges to Tennessee's COVID law.  Because the Court is required to "suspend proceeding on the constitutional challenge" until it receives a response from Attorney General, the Court will not take up the merits of Defendants' preemption argument at this time.  For the time being, the Court will **DENY** Defendants' Motion as to the preemption issue but without prejudice to renew its Motion once the Attorney General has made an appearance and been brought into the case as a party.

## CONCLUSION

The Court holds that the Complaint alleges a plausible violation of Tenn. Code Ann. § 14–2–102(a) based on Plaintiff's termination for refusing to take a COVD vaccine.  The Court reserves any ruling on the preemption argument raised by Defendants as grounds for the dismissal of Plaintiff's Title 14 claim.  Plaintiff's THRA claim is dismissed.  Therefore

---

[3] The cover letter refers to the Complaint as a "Verified Complaint."  In point of fact, the Complaint in this case is not a verified pleading. Plaintiff has not attested the facts alleged in the Complaint under penalty of perjury.

8

Defendants' Motion for Partial Dismissal is **DENIED**, though without prejudice to raise their preemption arguments in a subsequent dispositive motion.

    **IT IS SO ORDERED**.

                                           **s/ S. Thomas Anderson**
                                           S. THOMAS ANDERSON
                                           CHIEF UNITED STATES DISTRICT JUDGE

                                           Date:  January 3, 2023.